## Commonwealth ex rel. Ritchey, Appellant, *v.* McHugh.

516

Submitted April 13, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Eugene Creany,* and *Harry C. Benton,* for appellant.

*Ferdinand F. Bionaz,* First Assistant District Attorney, and *David C. Wolfe,* District Attorney, for appellee.

OPINION BY RHODES, P. J., June 10, 1959:

This is an appeal from the order of the Court of Common Pleas of Cambria County refusing relator's

petition for writ of habeas corpus. The question presented is whether a writ of habeas corpus should be granted in this case to contradict the record and establish that the crime was not committed in the county where the conviction took place.

On June 13, 1958, relator entered, in the Court of Oyer and Terminer of Cambria County, a plea of guilty to an indictment charging statutory rape. He was sentenced to serve a term of not less than one year nor more than three years in the Cambria County Jail. The indictment set forth that the crime was committed in Cambria County. Relator signed a waiver of presentment to the grand jury and entered a plea of guilty endorsed upon the bill of indictment. When entering his plea relator was represented by counsel of his own choosing.[1]

In his petition for writ of habeas corpus relator alleged that the crime was committed in Blair County and not in Cambria County. A hearing was held on the petition. At the hearing relator testified that he met three young men in Blair County who had picked up four girls ranging in age from thirteen to fifteen years, in the Borough of Portage, Cambria County. The group drove to a farm owned by relatives of one of the young men, where relator had intercourse with one of the girls. He stated that the act of intercourse took place in Blair County approximately seven miles from the Cambria County line. Relator thereafter returned the girls to their homes in Portage, Cambria

---

[1] The court below in its opinion dismissing relator's petition said:

"No objection to jurisdiction or venue was raised prior to the petition. The Court was not advised at the plea that the crime had occurred other than in Cambria County, although it now appears after hearing and argument, that the prosecutor, the relator, and his attorney were aware it had occurred in Blair County."

County. The prosecutor, a Cambria County detective, testified that from information received from the girls and defendants the act of intercourse occurred at a place in Blair County approximately three miles from the Cambria County line. The information was filed before a justice of the peace in Portage Township, Cambria County. After hearing, the Court of Common Pleas of Cambria County dismissed the petition, holding that relator could not contradict the record and retry the factual matter of the territorial jurisdiction of the Cambria County court where the conviction was the result of relator's plea of guilty. Relator has appealed to this Court.

It has been frequently stated to the effect that habeas corpus is available where a person is convicted of crime by a court which lacked "jurisdiction." However, "jurisdiction" is a broad term, and lack of jurisdiction may depend upon complex questions of law and fact.

In *Com. ex rel. Fletcher v. Cavell,* 395 Pa. 134, 141, 149 A. 2d 434, 438, Mr. Chief Justice JONES, speaking for the Supreme Court, quoted from *Halderman's Petition,* 276 Pa. 1, 2, 119 A. 735, 736, as follows: "Except in unusual cases, where the proceeding has been adopted in furtherance of the prompt administration of justice . . ., the writ of habeas corpus can be effectively invoked here by one convicted of crime only where it appears the sentencing court was without jurisdiction (Com. v. Ketner, 92 Pa. 372), where the record shows no crime was committed, or the passing of an illegal sentence (Halderman's Case, 53 Pa. Superior Ct. 554), or where there is an improper detention of the relator after the expiration of his term of imprisonment by lapse of time or pardon."

Consequently, where it appears as a matter of law that the indictment on which a defendant was con-

victed and sentenced charges no offense over which the court had jurisdiction, a writ of habeas corpus will be granted and the conviction set aside. The lack of jurisdiction being apparent, a conviction would be a nullity. *Com. ex rel. Torrey v. Ketner,* 92 Pa. 372. On the other hand, where relator was tried and convicted in the court of oyer and terminer rather than in the court of quarter sessions, and the conviction affirmed on appeal to the Supreme Court (after reversal by the Superior Court), habeas corpus was refused on the ground that the irregularity of defendant's being tried in the wrong court could not be raised by habeas corpus under the circumstances. *Com. ex rel. Greevy v. Reifsteck,* 271 Pa. 441, 115 A. 130.

Of course an allegation that a conviction occurred in a criminal court which lacked "jurisdiction" does not necessarily mean habeas corpus is an available remedy. We think the rule applicable in the present case is that, unless the court's lack of jurisdiction is clear and indisputable upon the face of the record, a writ of habeas corpus should not be granted to review an erroneous determination by a court that it has territorial jurisdiction over an offense. *State ex rel. Du Fault v. Utecht,* 220 Minn. 431, 19 N.W. 2d 706, 161 A.L.R. 1316.

In *Schultz v. Lainson,* 234 Iowa 606, 13 N.W. 2d 326, 327, 156 A.L.R. 858, 860, the court stated: "Where, upon the face of the record, it clearly appears that the crime was committed beyond the territorial jurisdiction of the court, habeas corpus will usually lie. But it will not lie to review an erroneous determination by the court that it has territorial jurisdiction of the offense charged. 39 C.J.S., Habeas Corpus, 456, 457, §16; 25 Am. Jur. 161, section 26." As a general rule the review of a determination of a trial court affirming its jurisdiction involving imprisonment for crime is by ap-

pellate procedure and not by habeas corpus. *Bowen v. Johnston*, 306 U. S. 19, 59 S. Ct. 442, 83 L. Ed. 455. In the *Bowen* case, Mr. Chief Justice HUGHES, speaking for the Supreme Court of the United States, said (pages 26, 27 of 306 U. S., page 461 of 83 L. Ed.) : "The rule requiring resort to appellate procedure when the trial court has determined its own jurisdiction of an offense is not a rule denying the power to issue a writ of *habeas corpus* when it appears that nevertheless the trial court was without jurisdiction. The rule is not one defining power but one which relates to the appropriate exercise of power. It has special application where there are essential questions of fact determinable by the trial court." It was also stated (page 25 of 306 U. S., page 460 of 83 L. Ed.) : "Where on the face of the record the District Court has jurisdiction of the offense and of the defendant and the defendant contends that on the facts shown the crime was not committed at a place within the jurisdiction of the United States, we have held that the judgment is one for review by the Circuit Court of Appeals in error proceedings and that the writ of *habeas corpus* is properly refused. Toy Toy v. Hopkins, 212 U. S. 542, 549, 53 L. Ed. 644, 647, 29 S. Ct. 416."

The locus of the crime is always a question of fact in issue as a court has no jurisdiction unless the crime is committed in the county where defendant is tried. *Com. v. Tarsnane*, 170 Pa. Superior Ct. 265, 267, 85 A. 2d 606; *Com. v. Mull*, 316 Pa. 424, 175 A. 418. It is also true that—"In the absence of uncontradicted evidence to the contrary, the conviction is conclusive the crime was committed where it was charged to have been done in the indictment, for the verdict includes such a finding." *Com. v. Lawrence*, 282 Pa. 128, 133, 127 A. 465, 467. See, also, *Com. v. Voci*, 185 Pa. Superior Ct. 563, 569, 570, 138 A. 2d 232, affirmed 393

Pa. 404, 409, 143 A. 2d 652. A defendant's plea of guilty to an indictment charging a crime has the same effect as a general verdict of guilty. *Com. v. Thompson,* 321 Pa. 327, 331, 184 A. 97; *Com. ex rel. Paige v. Smith,* 130 Pa. Superior Ct. 536, 198 A. 812; *Com. ex rel. Scasserra v. Keenan,* 175 Pa. Superior Ct. 636, 106 A. 2d 843. There is nothing on the face of the present record which shows lack of jurisdiction in the Court of Oyer and Terminer of Cambria County in the sense that the locus of the crime was not within the county. The evidence taken in the habeas corpus proceeding disclosing the locus of the crime in Blair County is a direct contradiction of an essential fact previously determined by the plea of guilty to the indictment in Cambria County. Relator, by habeas corpus, may not be permitted under the circumstances to impeach the record in a criminal case and collaterally attack the factual determination of jurisdiction of the trial court as to the locus of the crime set forth in the indictment. *Bowen v. Johnston,* supra, 306 U. S. 19, 59 S. Ct. 442, 83 L. Ed. 455; *Com. ex rel. Chambers v. Claudy,* 171 Pa. Superior Ct. 115, 117, 90 A. 2d 383.

Furthermore, relator's concealment of the fact from the court now alleged as a reason for a writ of habeas corpus should preclude any benefit to be derived from such conduct, especially as his commission of the crime and the jurisdiction of the court are admitted by his plea of guilty.

The "Journey Act," Act of March 31, 1860, P. L. 427, 19 PS §525, has not entered into our affirmance of the dismissal of the petition for writ of habeas corpus.

The order of the court below is affirmed.