Opinion by
Rhodes, P. J.,
This is an appeal from an order of the Court of Common Pleas of Montgomery County dismissing relator’s petition for a writ of habeas corpus after hearing.
The question raised is whether habeas corpus may be used to contradict the record and establish that the crime was not committed in the county where the conviction took place. See Com. ex rel. Ritchey v. McHugh, 189 Pa. Superior Ct. 515, 151 A. 2d 659.
Relator was indicted on two bills, No. 318 and No. 319, November Term, 1960, in the Courts of Quarter Sessions and Oyer and Terminer of Montgomery County, charging burglary, larceny, and receiving stolen *453 goods. Having waived a jury trial, lie was tried before Judge Hone ym AN, and was found guilty of receiving stolen goods on each bill of indictment. In his petition relator alleges that the evidence at the trial showed several burglaries in Montgomery County between December 2 and 7, 1960. On December 10, 1960, relator’s automobile was searched by the police,' in Philadelphia, who found certain articles therein which were identified as having been taken in the Montgomery County burglaries. Relator contended that these articles were placed in the trunk óf his car, in Philadelphia, without his knowledge Dr consent.
Following the trial, relator filed a motion in arrest of judgment wherein he raised, for the first time, the question of jurisdiction in Montgomery County. The Court of Quarter Sessions dismissed the motion, and cited Com. ex rel. Koffel v. Myers, 184 Pa. Superior Ct. 270, 275, 133 A. 2d 570, 573, for the principle that “the conviction of a defendant is conclusive that the crime was committed where laid in the indictment, for a verdict of guilt includes such finding.”
On October 23, 1961, relator was sentenced to imprisonment in the Montgomery County Prison for not less than two and a half years nor more than five years. A subsequent appeal to this Court was quashed for failure to perfect the appeal within the period of forty-five days. An allocatur was refused by the Supreme Court of Pennsylvania.
On this appeal from the dismissal of his petition for writ of habeas corpus, relator again contends there was no evidence that the crime of receiving stolen goods, for which he stands convicted, was committed in Montgomery County. The sole question now raised by relator is ruled against him by our decision in Com. ex rel. Ritchey v. McHugh, supra, 189 Pa. Superior Ct. 515, 151 A. 2d 659. In his petition for writ of habeas corpus in that case, the relator alleged that the crime *454 was committed in Blair County and not in. Cambria County. Our statements in the Ritchey case are applicable here as follows (pages 519, 520, 521 of 189 Pa. Superior Ct., page 661 of 151 A. 2d) : “Of course an allegation that a conviction occurred in a criminal court which lacked ‘jurisdiction’ does not necessarily mean habeas corpus is an available remedy. We think the rule applicable in the present case is that, unless the court’s lack of jurisdiction is clear and indisputable upon the face of the record, a writ of habeas corpus should not be granted to review an erroneous determination by a court that it has territorial jurisdiction over an offense. ... As a general rule the review of a determination of a trial court affirming its jurisdiction involving imprisonment for crime is by appellate procedure and not by habeas corpus. . . . ‘The rule requiring resort to appellate procedure when the trial court has determined its own jurisdiction of an offense is not a rule denying the power to issue a writ of habeas corpus when it appears that nevertheless the trial court was without jurisdiction. The rule is not one defining power but one which relates to the appropriate exercise of power. It has special application where there are essential questions of fact determinable by the trial court.’ . . . Relator, by habeas corpus, may not be permitted under the circumstances to impeach the record in a criminal case and collaterally attack the factual determination of jurisdiction of the trial court as to the locus of the crime set forth in the indictment.”
There is nothing on the face of the present record which shows lack of jurisdiction in the Court of Quarter Sessions of Montgomery County in the sense that the locus of the crime was not within Montgomery County. Cf. Com. ex rel. Ritchey v. McHugh, supra, 189 Pa. Superior Ct. 515, 151 A. 2d 659. The writ was therefore properly denied.
The order is affirmed.