Commonwealth *v.* Ruby, Appellant.

378.

Submitted November 24, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Charles F. Haley* and *Michael M. Mamula*, for appellant.

*Robert F. Hawk*, First Assistant District Attorney, and *John H. Brydon*, District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., April 22, 1976:

Appellant contends that his conviction for robbery should be reversed because there was insufficient evidence that he committed the robbery in the county in which he was tried.

In the instant case the material facts are not in dispute. On September 7, 1975, appellant kidnapped the Strouse family in Clinton County. He ordered Mr. Strouse to drive west on Interstate Highway 80 to Interstate 79 and then south into Butler County, where he forced the Strouses out of their truck and departed. The Commonwealth contends that appellant took $130 from Mr. Strouse in Butler County. Appellant admits taking the money but contends that the robbery occurred in Centre County when the victim stopped for gas.

At trial on April 14, 1975, appellant admitted all the material facts of the robbery, but contended that the Butler County Court of Common Pleas was without jurisdiction because the offense occurred in Centre County. The lower court charged the jury on the jurisdictional issue, and the jury apparently believed that the crime occurred in Butler County. Appellant contends that his testimony as to the location of the crime is inherently more believable than the victim's because he was familiar with the area and the victim was not.

On the facts of this case, we hold that the location of the robbery is entirely irrelevant. It was unnecessary for the court below to charge the jury on this issue because the crime was committed during a journey and is, therefore, covered by the Act of March 31, 1860, P.L. 427, §49, 19 P.S. §525, which provides in relevant part:

"In order to obviate the difficulty of proof as to offenses committed during journeys from place to place, in any indictment for felony or misdemeanor committed on any person or on any property upon any stage coach, stage, wagon, railway car or other such carriage whatever employed in any journey, it shall be sufficient to allege that such felony or misdemeanor was committed within any county or place through any part whereof such coach, wagon, cart, car or other carriage shall have passed in the course of the journey during which such felony or misdemeanor shall have been committed; ... and every such felony or misdemeanor committed in any

of the cases aforesaid shall and may inquired of [sic], tried, determined and punished in the county or place within which the same shall be so alleged to have been committed, in the same manner as if it had actually been committed therein."

Because of the applicability of this statute, we affirm the judgment of sentence.

CONCURRING OPINION BY VAN DER VOORT, J.:

Appeal is taken to this Court from a jury verdict of guilt and subsequent judgment of sentence of ten to twenty years' imprisonment, plus restitution, upon the charge of robbery.[1] The testimony shows that Appellant, an escapee from Rockview State Correctional Institution, on September 7, 1975, kidnapped the Strouse family at gun point in Clinton County. Using the Strouse's truck, Appellant forced the husband to drive into Centre and Butler Counties, while Mrs. Strouse and three children rode in the bed of the vehicle. During this occurrence, and prior to his freeing the Strouses in Butler County, Appellant took $130.00 from Mr. Strouse's wallet.

At trial on April 14, 1975, Appellant admitted his actions but insisted that he had robbed his captive in Centre County. The Strouses, witnesses for the Commonwealth, stated that the robbery had occurred in Butler County just prior to Appellant's freeing them. Upon this jurisdictional issue, Appellant alleges error, arguing that the Butler County Court had no jurisdiction to try and to sentence him.

In *Commonwealth v. Simeone*, 222 Pa. Superior Ct. 376, 294 A.2d 921 (1972), our court reiterated that only the criminal court located in the county where the offense occurred has the jurisdiction to try the accused. While a defendant may waive an objection to the court's

---

1. "The Crimes Code," Act of December 6, 1972, P.L. 1482, No. 334, 18 Pa. C.S. §3701.

jurisdiction of his person by appearing in court, "[a]n objection to lack of subject-matter jurisdiction can never be waived; it may be raised at any stage in the proceedings by the parties or by a court on its own motion." *Commonwealth v. Little*, 455 Pa. 163, 167, 314 A.2d 270, 272 (1974). The theory is, in part, that the competency of the court to hear the merits of a case is always raisable during the trial. "The locus of the crime is always a question of fact in issue as a court has no jurisdiction unless the crime is committed in the county where defendant is tried." *Commonwealth ex rel. Ritchey v. McHugh*, 189 Pa. Superior Ct. 515, 520, 151 A.2d 659, 661 (1959).

In this case, the testimony is clear that the issue as to the location of the crime was placed before the jury. Judge DILLON made clear in his charge that it was the province of the jury to consider this question:

> "In this case, if you believe the victims, Mr. and Mrs. Strouse, we have a robbery that occurred in Butler County. The defendant took from them, took from Mr. Strouse One hundred and thirty dollars, when he was a hostage, and the defendant accomplished this by leveling his pistol at him. Now, the defendant admits everything in this case, except as to where the robbery occurred, and he's telling you that it occurred in either Clearfield or Centre County, wherever Kylertown is. It's a matter of believability. Who are you going to believe here? And that's the issue, and it's your duty to perform your jury function uninfluenced by pity for the defendant or by passion or prejudice against him. You are to be governed solely by the evidence introduced in this trial."

The trial judge further pointed out that the jury should address itself to the credibility of the witnesses, as well as their demeanor when fulfilling its fact-finding function.

Whether the crime occurred in Butler County or in

Clearfield or in Centre County was a question of fact which was resolved adversely to the Appellant, the jury having found by its verdict of guilt that the offense was committed in Butler County. The crime having taken place in Butler County, the Court of Common Pleas of that County had jurisdiction to entertain the case.

Based upon the foregoing analysis, I, too, would affirm the judgment of sentence.

WATKINS, P.J., and PRICE, J., join in this concurring opinion.