510 A.2d 1251

**COMMONWEALTH of Pennsylvania**

**v.**

**Leonard THIER, Appellant.**

Superior Court of Pennsylvania.

Argued April 1, 1986.

Filed June 16, 1986.

8

Leonard Thier, Scranton, in propria persona.

Before McEWEN, OLSZEWSKI and KELLY, JJ.

OLSZEWSKI, Judge:

This appeal is from the judgment of sentence entered by the Court of Common Pleas of Luzerne County following appellant's conviction of five (5) violations of 35 Pa.Stat. Ann. Sec. 1272 regarding the illegal sale of fireworks. Post-trial motions were denied, and appellant was sentenced to serve a minimum of sixty (60) days in prison and fined $500. Appellant has defended himself both at trial and on appeal.

Appellant raises ten (10) issues for our consideration. Initially he contends: (1) that appellant had standing to contest the admission of certain invoices; (2) that appellant's Fifth Amendment rights were violated when he was denied a grand jury indictment; (3) that appellant was denied the right to a speedy trial and to be confronted with the witnesses against him; (4) that the trial judge led the appellant's witness into hearsay and highly speculative testimony and led the witness into making other erroneous and

unfair statements; (5) that the trial judge erred in prohibiting the introduction of appellant's insurance policies; and (6) that the statute in question was unconstitutionally applied to the appellant. We do not reach these issues, as we find that they have been waived. An issue is not properly preserved for appellate review if it is not raised in written post-verdict motions as required by Pa.R.Crim.P. 1123(a). *Commonwealth v. Gravely*, 486 Pa. 194, 404 A.2d 1296 (1979); *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975). Appellant was made aware of the requirement by the trial judge. *See* trial transcript, p. 249. Since appellant has failed to raise these issues in post-trial motions, they are not preserved for our review.

Appellant's seventh and eighth issues are related as they both refer to an alleged improper charge to the jury. Appellant argues that the trial judge erred in failing to advise the jury of the case of *Commonwealth v. Bristow*, 185 Pa.Super. 448, 138 A.2d 156 (1958), which states that to be illegal in Pennsylvania, a fireworks device must detonate, that is, explode with noise; and that the omission of such a charge deprived appellant of a fair trial. Further, appellant claims that the trial judge erred by not advising the jury that the words "such fireworks as are not herein prohibited" are a part of the fireworks act, meaning that all fireworks are not illegal, and this failure precluded appellant's right to a fair trial. We find both of appellant's claims to be baseless. A careful reading of the trial judge's charge shows that both of the "omitted charges" were in fact included in the trial judge's instructions to the jury. *See* trial transcript, pp. 236–243. Therefore, issues seven and eight lack merit.

■ Appellant's ninth point of error is that the prosecution never proved that appellant sold fireworks in Luzerne County, thus precluding jurisdiction in the matter. It is clear that a court has no jurisdiction unless the crime was committed within the county where the defendant is tried; and that the locus of a crime is a question of fact. *See Commonwealth ex rel. Ritchey v. McHugh*, 189 Pa.Super.

515, 151 A.2d 659 (1959). It is equally clear that the facts of the case at bar indicate that upon receiving an order by telephone, appellant would deliver illegal fireworks to a Mr. Rubin in Wilkes-Barre, Luzerne County. The jury thus determined that appellant offered for sale and/or exposed for sale illegal fireworks in Luzerne County. Therefore, by the evidence found by the jury, appellant violated the law—35 Pa.Stat.Ann. sec. 1272—in Luzerne County. Jurisdiction was properly established in the trial court.

■ Appellant's final argument is that his rights under *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), have been violated, and thus he was deprived of a fair trial. In *Argersinger v. Hamlin,* the Supreme Court stated ". . . absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." *Id.* We find that appellant's rights were not violated under this rule as appellant has made a knowing and intelligent waiver of his right to counsel.

In determining whether appellant has adequately waived his right to counsel, we must determine whether the trial judge elicited appellant's awareness of a number of facts. *See Commonwealth v. Roman,* 347 Pa.Super. 528, 500 A.2d 1182 (1985); Pa.R.Crim.P. 318(c) comments. Appellant must understand that he has the right to be represented by counsel, and the right to free counsel if he is indigent. This right was explained to appellant by the trial judge, and appellant expressed his understanding. *See* trial transcript, pp. 3–5. Appellant was also aware of the nature of the charges against him and the permissible range of sentences and fines for the offense. *See* trial transcript, pp. 6–8. Further, the trial judge explained that appellant would be bound by the rules of procedure if he represented himself, and that counsel would be familiar with those rules. *See* trial transcript, pp. 8–10. Finally, appellant was made aware that there are defenses that counsel would know of that could be lost permanently if not raised at trial, and that

there are certain rights and errors that would be lost permanently if not timely asserted. *See* trial transcript, pp. 10–12; sentencing transcript, p. 22. Since appellant was fully aware of the consequences of his self-representation, we find that appellant voluntarily and intelligently elected to represent himself at trial and on appeal, and that he had the right to do so. *See Commonwealth v. Davis*, 479 Pa. 274, 388 A.2d 324 (1978). Therefore, appellant waived his right to counsel and cannot raise the absence of counsel as a point of error on appeal.

Having found no merit in appellant's ten points of error, we affirm the decision of the lower court. Order affirmed.