528 A.2d 184

COMMONWEALTH of Pennsylvania, Appellee,

v.

Richard MISTRETTA, Appellant.

Superior Court of Pennsylvania.

Argued Feb. 20, 1987.

Filed June 16, 1987.

William J. Miele, Williamsport, for appellant.

Brian C. Caffrey, Assistant District Attorney, Williamsport, for Com., appellee.

Before WIEAND, OLSZEWSKI and TAMILIA, JJ.

OLSZEWSKI, Judge:

Appellant, Richard Mistretta, appeals from the judgment of sentence entered in the Court of Common Pleas of Lycoming County after a jury found appellant guilty of indecent assault, pursuant to 18 Pa.C.S.A. Sec. 3126, and corruption of minors, pursuant to 18 Pa.C.S.A. Sec. 6301. On appeal, appellant raises the following issues: (1) whether the trial court erred in allowing the victim to assert a patient/licensed psychologist privilege, pursuant to 42 Pa.C.S.A. Sec. 5944,[1] regarding statements made by the victim to a counselor employed by Williamsport Psychological Associates; (2) whether the trial court erred in permitting the Commonwealth to introduce appellant's prior criminal record into evidence for the purpose of impeachment; and

---

1. 42 Pa.C.S.A. Sec. 5944, Confidential Communications to Licensed Psychologists, provides in pertinent part:

   No person who has been licensed under the act of March 23, 1972 (P.L. 136, No. 52), to practice psychology shall be, without the written consent of his client, examined in any civil or criminal matter as to any information acquired in the course of his professional services in behalf of such client. The confidential relations and communications between a psychologist and his client shall be on the same basis as those provided or prescribed by law between an attorney and client.

   (Footnote omitted.)

(3) whether the trial court erred in sentencing appellant to two consecutive terms of imprisonment for the two separate convictions, which arose from the same criminal incident.[2]

**2.** Appellant additionally argues that: (1) the trial court erred by not permitting appellant's counsel to review the victim's complete file from Williamsport Psychological Associates in accordance with *Commonwealth v. Ritchie*, 509 Pa. 357, 502 A.2d 148 (1985); and (2) that errors by the trial court during his trial precluded him from receiving a fair trial. We, however, will not consider these issues since we find that both issues have not been properly preserved for appellate review.

Appellant's first issue, concerning the applicability of the *Ritchie* decision to the records of the victim's psychologist, was not raised in appellant's original post-verdict motions, which were timely filed on November 25, 1985, four days after the jury returned a verdict of guilty against appellant on the charges of indecent assault and corruption of minors. *See* Pa.R.Crim.P. 1123(a) ("Within ten days after a finding of guilt, the defendant shall have the right to file written motions for a new trial and in arrest of judgment."). Rather, appellant first raised this issue in his amended, supplemental post-verdict motions, which were not filed until January 27, 1986, almost two months after the expiration of the ten-day filing period. In *Commonwealth v. Rosko*, 353 Pa.Super. 307, 509 A.2d 1289 (1986), this Court stated:

> The first issue raised by Appellant regarding the jury's verdict has been waived because it was not included in the timely post-trial motions which were filed on November 10, 1983. The first time that Appellant complained about the propriety of the verdict slip was when he filed supplemental post-trial motions approximately one year after the verdict was entered. Appellant did not seek permission of the trial court to raise this additional issue *nunc pro tunc.* One must either file post-verdict motions within ten days under *Pa.R.Crim.P. 1123(a)* or seek permission to file post-verdict motions nunc pro tunc under the Post Conviction Hearing Act as required by *Pa.R.Crim.P. 1123(f).* As we recently reiterated in *Commonwealth v. Jackson*, 336 Pa.Super. 609, 623, 486 A.2d 431, 439 (1984), "(o)ur Court will review only those issues which have been properly preserved for review, i.e., errors which have been raised specifically in written post-trial motions pursuant to Pa.R.Crim.P. 1123(a)."

*Id.*, 353 Pa.Superior Ct. at 310, 509 A.2d 1290–1291 (emphasis added). Our review of the record of this case, however, reveals that appellant did not seek permission to file his supplemental post-verdict motions *nunc pro tunc.* We therefore find that appellant's first issue has not been properly preserved for appellate review, even though the trial court did address the merits of appellant's claim in denying his post-verdict motions. *See Commonwealth v. Gregory*, 309 Pa.Super. 529, 531, 455 A.2d 1210, 1211 (1983) (although the trial court acted upon the merits of appellant's untimely post-verdict motions, the issues raised in the motions were not preserved for appellate review).

For the reasons stated below, we affirm the trial court's judgment of sentence.

Before addressing the merits of appellant's contentions, a brief recital of the relevant facts is necessary. The Honorable Clinton W. Smith's trial court opinion of May 13, 1986, succinctly described the facts surrounding the incident that resulted in appellant's arrest and subsequent convictions:

> The Commonwealth evidence showed that on a day in July, 1984, the victim (an eleven year old boy) returned to his home ... in Williamsport. The defendant (appellant, who was the victim's twenty-four year old brother) was the only person in the house at that time, and he asked the victim to come upstairs so that the defendant could show the victim the hiking boots that the defendant bought for the victim's brother. The defendant pushed the victim on the bed and fondled and sucked the victim's penis. The victim's and the defendant's mother ... and another relative ... testified that the victim came over to the neighbor's house, crying and saying that "Rick" would not leave him alone. The victim later told a number of people what the defendant had done to him.

Trial court opinion of May 13, 1986, at p. 2. Appellant was subsequently charged with involuntary deviate sexual intercourse (18 Pa.C.S.A. Sec. 3123), statutory rape (18 Pa.C.S.A. Sec. 3122), indecent assault (18 Pa.C.S.A. Sec. 3126), and corruption of minors (18 Pa.C.S.A. Sec. 6301).

Appellant's second issue, regarding whether errors by the trial court precluded him from receiving a fair trial, was raised for the first time on appeal. In *Commonwealth v. Thier*, 354 Pa.Super. 7, 510 A.2d 1251 (1986), this Court stated, "An issue is not properly preserved for appellate review if it is not raised in written post-verdict motions as required by Pa.R.Crim.P. 1123(a)." *Id.*, 354 Pa.Superior Ct. at 9, 510 A.2d at 1252. *See also Commonwealth v. Gravely*, 486 Pa. 194, 198, 404 A.2d 1296, 1297 (1979) (only those issues included in post-verdict motions will be considered preserved for appellate review). Appellant was made aware of this requirement by the trial court. *See* N.T. 11/21/85 at pp. 108–111. Appellant's issue regarding whether he was precluded from receiving a fair trial because of errors of the trial court is therefore not preserved for our review since appellant failed to raise this issue in his post-verdict motions.

On November 19–21, 1985, appellant had a jury trial before Judge Smith, and on November 21, 1985, the jury acquitted appellant of the involuntary deviate sexual intercourse and statutory rape charges, but found him guilty of the indecent assault and corruption of minors charges. Appellant timely filed post-verdict motions. In addition, appellant also filed amended, supplemental post-verdict motions after the ten-day period to file the motions had expired. *See* Pa.R.Crim.P. 1123(a). After the Honorable Clinton W. Smith denied appellant's post-verdict motions,[3] the Honorable Thomas C. Raup[4] sentenced appellant to a term of imprisonment of one to two years on the indecent assault conviction, and a consecutive term of imprisonment of eighteen months to three years on the corruption of minors conviction. After denial of his motion to reconsider sentence, appellant filed this timely appeal.

Appellant first contends that the trial court erred by allowing the victim to assert the patient/licensed psychologist privilege regarding two conversations with a counselor employed at Williamsport Psychological Associates. Prior to his trial, appellant, without opposition from the Commonwealth, filed a motion for an *in camera* inspection of records pertaining to counseling the victim received as a result of the incident with appellant. The Honorable Thomas C. Raup granted appellant's motion, and entered an order requiring Williamsport Psychological Associates to provide Judge Raup with the records of its director, a licensed

3. In an opinion dated March 7, 1986, the trial court denied appellant's motion in arrest of judgment and motion for a new trial, except that the motion for a new trial was granted to the extent that appellant's counsel was permitted to review the confidential records of the Department of Youth and Children pertaining to the victim to ascertain if the information could have been used in either cross-examining the victim or presenting other evidence. The trial court, however, subsequently denied appellant's motion for a new trial after a hearing to determine if appellant's case was prejudiced by his counsel's inability to personally review the victim's file prior to appellant's trial. *See* trial court opinion of May 13, 1986 at pp. 1–6.

4. Judge Raup is the President Judge of the Court of Common Pleas of Lycoming County. Subsequent to appellant's trial, Judge Smith recused himself from appellant's case for the purpose of sentencing, and appellant's sentencing hearing was scheduled before Judge Raup.

psychologist, and a non-licensed psychologist employee pertaining to the victim. Following compliance with the order, Judge Raup reviewed the records, and provided appellant's counsel with certain statements about the incident which the victim made during counseling sessions with the non-licensed psychologist.

At the time of trial, appellant's counsel sought to introduce the victim's statements through the testimony of the non-licensed psychologist to impeach the victim's credibility through prior inconsistent statements. The trial court, however, allowed the minor victim, through his mother, to assert the patient/licensed psychologist privilege regarding the statements, and did not permit the introduction of testimony regarding the victim's statements made during his counseling sessions. *See* N.T. 11/20/85 at pp. 15–18, 67. Appellant now maintains that the trial court erred in allowing the patient/licensed psychologist privilege to be asserted since the privilege was waived when the information in the psychologist's file was made available to the trial court and appellant's counsel. In addition, appellant also asserts that the trial court's decision to allow the victim to assert the patient/licensed psychologist privilege violated appellant's Sixth Amendment right to confront the evidence and witnesses against him since the testimony of the psychologist was both material and necessary to a proper determination of his case.

■ We, however, do not find it necessary to reach the merits of appellant's contention. If the privilege had not been asserted, the psychologist would have testified about statements the victim made to her during his counseling sessions concerning what happened during the incident with appellant. In essence, she would have testified that the victim only told her that appellant had rubbed the victim's groin area through his pants. *See* N.T. 11/20/85 at pp. 49–50. As appellant's counsel conceded during the hearing to determine if the testimony was admissible, *see* N.T. 11/20/85 at p. 66, this testimony would have been exculpatory to appellant only on the involuntary deviate sexual

intercourse and statutory rape charges. Appellant, however, was convicted only of indecent assault and corruption of minors, being found not guilty of the involuntary deviate sexual intercourse and statutory rape charges. Indeed, as appellant's counsel further conceded, *see* N.T. 11/20/85 at p. 66, even if the jury chose to believe the psychologist's testimony as opposed to the victim's testimony, they could still have found appellant guilty of the indecent assault and corruption of minors charges. Thus, the exclusion of the psychologist's testimony, even if error, was harmless under the circumstances of this case. *See Commonwealth v. Wongus*, 219 Pa.Super. 149, 151, 280 A.2d 666, 668 (1971). Appellant was not prejudiced by the exclusion of the psychologist's testimony, since the testimony was relevant and exculpatory only on the charges for which appellant was acquitted. *See Commonwealth v. Sweger*, 351 Pa.Super. 188, 194, 505 A.2d 331, 334 (1986) (trial court's ruling on exclusion or admission of evidence will be reversed on appeal only on a showing that actual prejudice occurred to defendant).

Appellant next contends that the trial court erred by allowing the Commonwealth to offer into evidence appellant's prior criminal record for the purpose of impeachment. In essence, appellant maintains that admission of his prior convictions for theft unfairly prejudiced his case because of the strength of the Commonwealth's case and his important need to testify about his version of the incident with the victim. We, however, find appellant's contention to be meritless.

In Pennsylvania, "(t)he admissibility of evidence of prior convictions for the purpose of impeaching a defendant/witness is within the sound discretion of the trial judge and will not be reversed absent an abuse of discretion by the trial judge." *Commonwealth v. Bailey*, 354 Pa.Super. 51, 53, 511 A.2d 180, 182 (1986). In exercising this discretion, the trial judge must determine "whether the probative value of the evidence of other convictions as it bears upon the credibility of an accused as a witness outweighs the

prejudicial effect that such evidence has upon the jury." *Commonwealth v. Kearse,* 326 Pa.Super. 1, 6, 473 A.2d 577, 580 (1984). The burden of proof is, of course, upon the Commonwealth to show that the need for the evidence of a defendant's prior criminal convictions for impeachment overcomes the evidence's inherent potential for prejudice. *See Commonwealth v. Williams,* 273 Pa.Super. 389, 392, 417 A.2d 704, 705 (1980).

In *Commonwealth v. Roots,* 482 Pa. 33, 393 A.2d 364 (1978), our Supreme Court enunciated some basic factors to be considered by a trial judge in making a determination about the admissibility of a defendant's prior criminal record for impeachment purposes. The Court stated:

> In making the determination as to the admissibility of a prior conviction for impeachment purposes, the trial court should consider: 1) the degree to which the commission of the prior offense reflects upon the veracity of the defendant-witness; 2) the likelihood, in view of the nature and extent of the prior record, that it would have a greater tendency to smear the character of the defendant and suggest a propensity to commit the crime for which he stands charged, rather than provide a legitimate reason for discrediting him as an untruthful person; 3) the age and circumstances of the defendant; 4) the strength of the prosecution's case and the prosecution's need to resort to this evidence as compared with the availability to the defense of other witnesses through which its version of the events surrounding the incident can be presented; and 5) the existence of alternative means of attacking the defendant's credibility.

*Id.,* 482 Pa. at 39–40, 393 A.2d at 367 (footnote omitted). In *Kearse, supra,* this Court discussed the proper counterbalancing of the above factors. We noted: "When the court engages in a proper counterbalancing of the competing considerations in this determination, it is of 'critical importance' that the evidence be excluded when it appears that 'it is more important to the search for truth in a particular case for a jury to hear the defendant's story than to know

of a prior conviction.' " *Kearse*, 326 Pa.Super. at 6, 473 A.2d at 580 (quoting *Commonwealth v. Bighum*, 452 Pa. 554, 567, 307 A.2d 255, 263 (1973)). *See also Commonwealth v. Duffy*, 355 Pa.Super. 145, 151, 512 A.2d 1253, 1256 (1986) (trial court is required to balance each of the factors favoring and disfavoring admission of the prior criminal record evidence in making its determination).

■ In the present case, our review of the record reveals that the trial court did consider the factors specified in *Roots, supra*, in ruling upon the admissibility of appellant's prior conviction for theft by deception and a prior conviction for two counts of theft.[5] The trial court weighed the

---

**5.** The trial court did not conduct a pre-trial hearing in accordance with *Commonwealth v. Bighum*, 452 Pa. 554, 307 A.2d 255 (1983), to determine whether appellant's prior convictions for theft were admissible into evidence for the purpose of impeachment. "(When the admissibility of prior convictions is an issue, the trial court should conduct an *in camera, Bighum* hearing prior to the commencement of trial, in order that the defendant may weigh his or her decision to testify at trial." *Commonwealth v. Duffy*, 355 Pa.Super. 145, 150, 512 A.2d 1253, 1256 (1986).

Failure to conduct such a hearing, however, does not conclusively establish that a defendant was unreasonably prejudiced by admission into evidence of prior criminal convictions for the purpose of impeachment. Rather, absence of a pre-trial *Bighum* hearing is a factor to be considered along with the *Roots* factors in analyzing whether the trial court properly admitted prior criminal convictions as impeachment evidence. *See Duffy*, 355 Pa.Super. at 150, 512 A.2d at 1256.

In the instant case, two reasons support our finding that absence of a pre-trial *Bighum* hearing to consider the admissibility of his prior theft convictions has not prejudiced appellant. First, appellant's counsel has not alleged surprise by the Commonwealth's offer into evidence of appellant's prior theft convictions. *Cf. Duffy*, 355 Pa.Super. 150–159, 512 A.2d at 1256–1260. Indeed, appellant's filing of a motion in limine prior to trial to preclude the Commonwealth from offering his prior convictions into evidence indicates appellant's awareness that the Commonwealth intended to use the convictions for the purpose of impeachment. Second, the trial court during the trial did conduct a *Bighum* hearing in which it considered the admissibility of appellant's prior convictions in light of the *Roots* factors. *See* N.T. 11/20/85 at pp. 121–122. In several cases, this Court has upheld a trial court's ruling admitting the defendant's prior criminal record for impeachment purposes even though the trial court conducted a *Bighum* hearing during, rather than prior to, the trial. *See e.g., Commonwealth v. Richardson*, 347 Pa.Super. 564, 570, 500 A.2d 1200, 1204 (1985); *Commonwealth v. Toomey*, 321 Pa.Super. 281, 284–291, 468 A.2d 479, 481–484 (1983).

arguments of counsel in terms of *Roots* factors and decided that appellant's prior theft convictions would be admissible for impeachment purposes. *See* N.T. 11/20/85 at pp. 121–122. In addition, the trial court also gave a cautionary instruction to the jury on how appellant's prior convictions should be viewed, stating "(T)his evidence may be considered by you for one purpose only, that is, to help you judge the credibility and the weight of the testimony given by the defendant (appellant) as a witness in this case." N.T. 11/20/85 at p. 124. We shall discuss each of the *Roots* factors, *seriatim.*

First, theft is "crimen falsi and thus highly pertinent to veracity and credibility." *Commonwealth v. Henderson,* 497 Pa. 23, 36, 438 A.2d 951, 957 (1981). Hence, evidence of prior convictions for theft is an appropriate basis for impeaching the credibility of a defendant/witness under the first factor to be considered in the *Roots* test. *See Commonwealth v. Zabala,* 310 Pa.Super. 301, 320, 456 A.2d 622, 632 (1983). Moreover, appellant's trial occurred in November 1985 and both of his prior convictions for theft were secured earlier in 1985.[6] Appellant's prior theft convictions were therefore recent, and their relevance was not attenuated by age. *See Henderson,* 497 Pa. at 35, 438 A.2d at 957. *See also Roots,* 482 Pa. at 39 n. 4, 393 A.2d at 367 n. 4 (the age of the prior criminal conviction should be considered).

Second, the trial court ruled that only evidence of the two prior convictions for theft would be admissible for the purpose of impeaching the defendant/witness. Though relevant in determining his capability for truthfulness when testifying, appellant's two prior convictions for theft do not indicate his propensity to commit the sex crimes for which he was charged. The nature and extent of appellant's prior record that was offered into evidence, consequently, "was not such that it would have had a greater tendency to smear the character of appellant and suggest his propensity to commit the crime with which he had been charged than

6. Appellant's conviction for the two counts of theft occurred in February 1985, and his conviction for theft by deception occurred in April 1985.

to provide a legitimate reason for discrediting him as an untruthful person." *Kearse*, 326 Pa.Super. at 8, 473 A.2d at 580. We, therefore, find the second of the *Roots* factors to be satisfied.

Third, appellant's age and circumstances do not weigh in appellant's favor. Appellant was approximately twenty-five years of age at the time of his conviction for the prior crimes.[7] Appellant was thus of an adult age and the relevance of the prior conviction as impeachment evidence was not attenuated by appellant's age. *See, Bailey*, 354 Pa.Super. at 55, 511 A.2d at 183; *Kearse*, 326 Pa.Super. at 8, 473 A.2d at 581.

Fourth, even though appellant was the only defense witness who could testify about what happened during the incident with the victim, the prejudicial effect of admitting appellant's criminal record did not completely outweigh the Commonwealth's need for the impeachment evidence under the *Roots* test. In the instant situation, the Commonwealth's case against appellant was premised in large part on the testimony of the victim, twelve years old at the time of trial, who testified that appellant sexually molested him by fondling and sucking on his penis. *See* N.T. 11/19/85 at pp. 10–17. The success of the Commonwealth's case consequently depended in large measure on the testimony and credibility of the victim since the victim and appellant were the only people present during the incident leading to the criminal charges against appellant. The actual incident was not witnessed by any other people. The credibility of both the victim and appellant was, therefore, particularly important, especially when their trial testimony was totally contradictory. The victim testified that he was sexually mo-

7. Appellant was twenty-four years old at the time of the incident with the victim, but twenty-five years old at the time of his convictions for theft, which occurred subsequent to the incident but before appellant's trial. Though occurring subsequent to the incident, appellant's convictions for theft were relevant for impeaching appellant's credibility at trial since the convictions occurred prior to appellant's trial. *See Commonwealth v. Richardson*, 347 Pa.Super. 564, 571, 500 A.2d 1200, 1204 (1985) ("The convictions sought to be introduced here were not stale, having occurred within five years of *trial*.") (emphasis added).

lested by appellant, *see* N.T. 11/19/85 at pp. 10–17, whereas appellant testified that he never had sexual contact of any kind with the victim, *see* N.T. 11/19/85 at pp. 72–73. In essence, the credibility accorded by the jury to the testimony of each witness was crucial in their decision to believe either the Commonwealth's or appellant's version of the case.

We, therefore, find that the impeachment evidence was essential to the Commonwealth's case and not unreasonably prejudicial to appellant who, as the only defense witness who could testify about what happened with the victim, had a strong interest in presenting his story to the jury. The Commonwealth, however, also had an important interest in presenting the impeachment evidence since the credibility of each side's primary witness was a crucial factor in this case. *See Commonwealth v. Brunner*, 305 Pa.Super. 411, 451 A.2d 714 (1982).

Fifth, the Commonwealth did not have an alternative means of directly impeaching the credibility of appellant. The Commonwealth did not have any other witnesses who could impeach appellant's credibility, and appellant did not make any statements or admissions about the incident with the victim that could be used for impeachment purposes. The Commonwealth, consequently, "lacked an adequate alternative means to present a straightforward challenge to the veracity of appellant as a witness." *Kearse*, 326 Pa.Super. at 10, 473 A.2d at 582. The trial court, therefore, "could reasonably have concluded that the balance of the Commonwealth's need for the evidence and its prejudice to appellant weighed more heavily in favor of the Commonwealth." *Commonwealth v. Gonce*, 320 Pa.Super. 19, 35, 466 A.2d 1039, 1047 (1983). After balancing the factors of the *Roots* test, we find that the trial court properly permitted appellant's prior theft convictions to be admitted for the purpose of impeachment.

Appellant's final contention is that the trial court erred when it sentenced appellant to a term of imprisonment of one to two years on the indecent assault conviction,

and a consecutive term of imprisonment of eighteen months to three years on the corruption of minors conviction. Appellant maintains that the two convictions should have merged for sentencing purposes since both criminal charges and subsequent convictions occurred as a result of the same incident. We, however, find appellant's contention to be without merit.

In *Commonwealth v. Sayko*, 511 Pa. 610, 515 A.2d 894 (1986), our Supreme Court recently addressed an issue similar to the issue presently before us in this appeal. In *Sayko*, the defendant pled guilty to charges of indecent assault, indecent exposure, and corrupting the morals of a minor, and the trial judge sentenced appellant separately on each charge. On appeal, the defendant asserted that the sentence imposed for the corruption of a minor conviction should have merged with the other offenses since the charges all arose during the same criminal transaction. The Supreme Court, however, held "that none of the charges merge; that they are separate, distinct criminal acts; and that the defendant may be sentenced on each separately, concurrently or consecutively." *Sayko*, 511 Pa. at 612, 515 A.2d at 895. In support of its holding, the Court stated:

The General Assembly may discern by statute different interests to be protected in the same person during a criminal transaction. There is a difference in fact and in consequence between an indecent touching and an indecent exposure; and a profound difference between both acts and the corruption of a minor. Each contain different elements designed to protect different interests. The corruption of a minor child can only be committed against a minor child, hence the interest to be protected and the age of the victim are elements different from those of indecent assault and indecent exposure, which offenses can be perpetrated against anyone, young or old. So too, are there different interests and different elements dividing an indecent touching and an indecent exposure.

*Id.,* 511 at 613, 515 A.2d at 895–896 (footnotes omitted). The Court additionally stated:

> In the instant case, ... there were two fundamentally different Commonwealth interests involved when the defendant committed the act comprising indecent exposure in the presence of his minor victim. Not only did the defendant violate the Commonwealth's interest in proscribing exhibitionism and in shielding any victim from such conduct, he also violated the Commonwealth's interest in protecting minors from corrupting influences, the consequences of which may follow them all their days. Alternatively, as regards the indecent assault charge, the defendant violated the victim's right to be free from such offensive touching, while at the same time violating the Commonwealth's interest in protecting minors from any further consequences of that touching.

*Id.,* 515 Pa. at 616, 515 A.2d at 897. *See also Commonwealth v. Williams,* 344 Pa.Super. 108, 143, 496 A.2d 31, 50 (1985) (en banc) ("We hold that separate punishments may be imposed for a single, indivisible act where the act includes conduct proscribed by separate statutes each of which seeks to prevent a substantially different harm or evil.").

In the present case, appellant was convicted of both indecent assault and corruption of minors, even though the charges arose from the same criminal incident. As noted in *Sayko,* however, both crimes protect separate interests of the Commonwealth, even when committed against the same person during a single criminal transaction. Appellant's conduct during the incident violated both the Commonwealth's interest in protecting minors from corrupting influences and the victim's right to be free from offensive touching. The trial court, consequently, did not err in sentencing appellant to separate, consecutive terms of imprisonment for his indecent assault and corruption of minors convictions.

Judgment of sentence affirmed.

WIEAND, J., concurs in the result.