J-S52044-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DION MAURICE JOHNSON | : | |
| | : | |
| Appellant | : | No. 512 EDA 2019 |

Appeal from the Judgment of Sentence Entered January 17, 2019
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0003666-2017

BEFORE: OTT, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED DECEMBER 30, 2019**

Dion Maurice Johnson appeals from the judgment of sentence entered after a jury found him guilty of unlawful contact with minor, sexual assault, corruption of minors, and indecent assault.[1] He challenges the admission of evidence. We affirm.

The trial court summarized the factual history of this case as follows:

> The underlying facts giving rise to [Johnson's] convictions are as follows: the charges . . . arise out of an incident which occurred over a period of several hours on June 28th and 29th of 2017. The incident occurred inside [Johnson's] apartment in Parkesburg Borough, Chester County, Pennsylvania. The victim in this case is a sixteen (16) year old girl who encountered [Johnson] at his residence when she was walking home from her friend's house. Upon making contact with [Johnson] outside of his residence, the victim agreed to accompany [Johnson] into his apartment

---

[1]18 Pa.C.S.A. §§ 6318(a)(1), 3124.1, 6301(a)(1)(i), 3126(a)(1), respectively. The jury found Johnson not guilty of rape-unconscious victim, 18 Pa.C.S.A. § 3121(a)(3).

to use and/or procure narcotics. Prior to this encounter, [Johnson] and the victim were complete strangers.

Once inside the apartment, the victim and [Johnson] smoked narcotics and drank alcohol together. When the victim attempted to leave the apartment and go home, [Johnson] demanded "payment" for the narcotics. The victim testified that she "blacked out" at this point and when she awoke, she was naked and [Johnson] was on top of her, penetrating her vaginally without her consent. The victim managed to grab her pocketknife and stabbed [Johnson] multiple times to finally end the assault.

***See*** N.T. 10/16/18, pp 28-82; N.T., 1/17/19, pp. 10-17.

Tr. Ct. Pa.R.A.P. 1925(a) Op. at 2.[2]

Johnson was 50 years old at the time of the incident. N.T. 10/17/18, at 332. The trial court conducted a three-day jury trial, which culminated in Johnson's conviction on the above-referenced charges on October 18, 2018. At trial, both the victim and Johnson testified. In addition to the above description of the assault, the victim revealed that she was taking medication for bipolar disorder and depression at the time of the incident. N.T. 10/16/18, at 65. She also emphatically asserted that she had not consented to any sexual activity during the night in question. ***Id.*** at 82. Conversely, Johnson testified that he had consensual sex with the victim on the night in question. N.T. 10/17/18, at 334. He contended that the victim's stabbing him was unprompted by any assault he perpetrated against her. ***Id.*** at 355-358.

---

[2] We note that while the Honorable Anthony A. Sarcione presided at trial, he retired shortly thereafter. As a result, the Honorable William P. Mahon sentenced Johnson and filed the instant Rule 1925(a) opinion.

Also testifying at trial were responding Officers Cole Burkhardt and Michael Kinsman of the Parkesburg Police Department. The officers confirmed that upon arrival at Johnson's house on the night in question they discovered Johnson covered in blood and nude. N.T. 10/16/18, at 148-154. They observed that the victim was shaken, upset, and seemingly nude wrapped in a blanket. *Id.* Officer Kinsman indicated that the victim stated something along the lines of, "I thought a blow job would have been enough." *Id.* at 185. Bernadette Clagg, a forensic nurse, performed a sexual evidence kit on the victim and testified that the victim told her that Johnson had suggested that she perform oral sex on him in exchange for drugs. N.T. 10/17/18, at 236. Likewise, Detective Craig Yeckley testified that the victim stated to him, during an investigatory interview, that she may have started to perform oral sex on Johnson, but did not remember anything after that until she awoke to find Johnson with his penis in her vagina. *Id.* at 297.

Johnson filed a motion *in limine* to preclude the admission of his 2004 conviction for robbery in Virginia.[3] When considering Johnson's motion, the trial court engaged in a balancing test, on the record, as follows:

> In studying the case law, it appears it's outside of the ten years. However, if it's outside the ten years, it can be admitted if the Court determines that it's probative value substantially outweighs its prejudicial effect. Now, in the case law that's provided the Court with factors to consider,

---

[3] Johnson also raised the issue orally at trial.

- 3 -

and I found this one case, **Mistretta**,[4] M -I -S -T -R–E-T-T-A which involved the prosecution for indecent assault and corruption of minors, which is similar to this case. However, in **Mistretta** I believe the credibility of a twelve year old young girl was at issue. Here we have a sixteen year old young girl at issue.

[Johnson] at the time of the robbery was in his mid thirties. So in going through my balancing, the first factor, the degree to which the commission of the prior offense reflects upon the veracity of [Johnson] is satisfied by *crimen falsi* requirement. The robbery is a *crimen falsi*.

The second factor, in view of the nature and extent of the prior record, that would have a greater tendency to smear the character of [Johnson] and suggest a propensity to commit the crime for which he stands charged rather than provide a legitimate reason for discrediting him as an untruthful person. It's only one conviction. And I will give a cautionary instruction on how they are to consider it, in that it's not to be, I'll give an instruction it's only to be considered for credibility, nothing else. It's one conviction of robbery.

The third factor, the age and circumstance of [Johnson]. In **Mistretta** the defendant was twenty-five years old at the time --I'm sorry-- at the time of the prior conviction. In this case he's in his late thirties. It's not like he was just adjudicated or certified to adult court.

The fourth factor, the strength of the prosecution's case and the prosecution's need to resort to this evidence as compared with the availability to the defense of other witnesses to which its version of events surrounding the incident can be presented.

The young lady is saying what happened and whatever the defendant says happened, no other witnesses. I believe that's crucial here. And in **Mistretta** the credibility of a twelve year old victim of sexual assault had to be weighed

---

[4] **Commonwealth v. Mistretta**, 528 A.2d 184 (Pa.Super. 1987) (holding defendant's prior convictions for theft and theft by deception were admissible for impeachment purposes).

against the defendant's credibility. In this case it's a sixteen year old girl against [Johnson's] credibility.

The fifth factor is the existence of alternative means of attacking [Johnson's] credibility. I don't know what other manner they could attack his credibility other than with this *crimen falsi*. And we have a young lady, and the jury heard that she's on antidepressants, the victim, and was medicated during the time this happened, along with having alcohol and I believe it was cocaine in her system.

N.T. 10/17/18, at 326-328.

Following this analysis, the trial court denied Johnson's motion to preclude the admission of his robbery conviction. Thus, the Commonwealth and Johnson entered into an on-the-record stipulation acknowledging the conviction. **Id.** at 404-405. During its jury charge, the trial court instructed the jury on the purpose for which it could consider the conviction as follows:

There was evidence tending to prove by stipulation that [Johnson] had a prior conviction in 2004 for robbery. This evidence is not evidence of [Johnson's] guilt. You must not infer guilt from the evidence of a prior conviction. This evidence may be considered by you for one purpose only, that is, to help you judge the credibility and the weight of the testimony given by [Johnson] as a witness in this trial.

In considering the evidence of prior conviction, you may consider the type of crime committed, how long ago it was committed and how it may affect the likelihood that [Johnson] has testified truthfully in this case… .

**Id.** at 457.

After a jury convicted Johnson, the trial court sentenced him, on January 17, 2019, to an aggregate sentence of 12 ½ to 25 years' incarceration. No post-sentence motions were filed. Johnson filed the instant timely notice of

appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court filed a responsive Rule 1925(a) opinion.

On appeal, Johnson raises a single issue:

Did the trial court err in denying defense motion to preclude use of [Johnson's] conviction or release under PA Rules of Evidence 609(b)?

Johnson's Br. at 4.

Specifically, Johnson argues that the trial court abused its discretion by concluding that the probative value of his 2004 robbery conviction outweighed the conviction's prejudicial effect. Johnson emphasizes that his robbery conviction is over ten years old and should therefore be considered "stale." He avers that because robbery constitutes a violent felony, as does the crimes he was charged with, the admission of his prior conviction improperly spoke to his propensity for violence rather than his veracity. He further contends that because he was 37 years old when he committed the robbery, the admission of his conviction would necessarily point to a violent propensity rather than a youthful mistake. Moreover, Johnson maintains that the admission of his conviction was not required for impeachment purposes because the Commonwealth had Johnson's own inconsistent statements regarding the incident in question with which to discredit his testimony at trial.

"A trial court has broad discretion to determine whether evidence is admissible and a trial court's ruling on an evidentiary issue will be reversed only if the court abused its discretion." ***Commonwealth v. Huggins***, 68 A.3d

962, 966 (Pa.Super. 2013) (citing **Commonwealth v. Cook**, 676 A.2d 639, 647 (Pa. 1996)). We do not disturb a ruling admitting evidence "unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous." **Id.** (quoting **Commonwealth v. Minich**, 4 A.3d 1063, 1068 (Pa.Super. 2010)). As our scope of review over an evidentiary question is plenary, we may review the ruling within the context of the entire record. **Id.**

The admission of evidence of a prior conviction for impeachment purposes is governed by Pennsylvania Rule of Evidence 609, which states:

> **(a) In General.** For the purpose of attacking the credibility of any witness, evidence that the witness has been convicted of a crime, whether by verdict or by plea of guilty or *nolo contendere*, must be admitted if it involved dishonesty or false statement.
>
> **(b) Limit on Using the Evidence After 10 Years.** This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:
>
> (1) its probative value substantially outweighs its prejudicial effect; and
>
> (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Pa.R.E. 609. This Court has held that robbery is a crime of dishonesty. **See Commonwealth v. Harris**, 884 A.2d 920, 925 (Pa.Super. 2005) ("Robbery and burglary are considered *crimen falsi* and convictions for those offenses are admissible for impeachment purposes").

- 7 -

This Court has explained that when weighing the probative value versus prejudicial impact of *crimen falsi* convictions older than 10 years, the trial court should consider:

> 1) the degree to which the commission of the prior offense reflects upon the veracity of the defendant-witness; 2) the likelihood, in view of the nature and extent of the prior record, that it would have a greater tendency to smear the character of the defendant and suggest a propensity to commit the crime for which he stands charged, rather than provide a legitimate reason for discrediting him as an untruthful person; 3) the age and circumstances of the defendant; 4) the strength of the prosecution's case and the prosecution's need to resort to this evidence as compared with the availability to the defense of other witnesses through which its version of the events surrounding the incident can be presented; and 5) the existence of alternative means of attacking the defendant's credibility.

**Commonwealth v. Palo**, 24 A.3d 1050, 1056 (Pa.Super. 2011) (citations omitted).

Moreover, we are mindful that when embarking on appellate review of a trial court's application of the above factors, the question is not whether this Court would have reached a different conclusion but rather "whether the trial court's balancing fell within its discretionary authority." **Commonwealth v. Hoover**, 107 A.3d 723, 729 (Pa. 2014). "The prejudicial effect of a prior conviction is not assessed in a vacuum; an appellate court should not only consider the purpose for which the evidence is introduced, but the actual use made of the evidence and also the jury instructions that accompany the admission of the evidence." **Id.** at 731 (citation omitted).

In the instant case, the trial court properly engaged in a balancing test, as set forth above, by using the appropriate factors set forth under Pennsylvania law. *See Palo*, 24 A.3d at 1056. The trial court acknowledged that because Johnson's robbery conviction was over ten years old, the test that the court must engage in is whether the probative value of the conviction substantially outweighed its prejudicial effect. *See* Pa.R.E. 609(b). The court determined that the balance tipped in favor of admitting the evidence after it considered the appropriate factors. First, the court noted that Johnson's robbery conviction is a *crimen falsi* and, as such, reflects upon Johnson's veracity. *See Harris*, 884 A.2d at 925. Next, the court considered the tendency of the robbery conviction to smear Johnson's character rather than shed light on his propensity for truthfulness. The court found that the potential prejudicial effect of Johnson's single conviction could be combated with a cautionary jury instruction.

Third, the trial court considered that Johnson was in his late thirties at the time of his robbery conviction. Thus, he was not a juvenile and the conviction was more likely to reflect on Johnson's adult propensity for truthfulness. Next, the court also weighed the fourth factor in favor of the admission of Johnson's conviction because with only two "witnesses" to the actual events on the night in question, the credibility of Johnson and the victim was directly at issue. Likewise, in regards to the last factor, the trial court properly noted the limited means the Commonwealth had to impeach Johnson's credibility, and pointed out that the victim's young age and her use

of controlled substances at the time of the incident heighten the need for evidence pertaining to credibility. Thus, the trial court reasoned, the probative value of Johnson's conviction in regards to his credibility was significant.

Upon review, this Court concludes that the trial court properly engaged in an analysis of the probative value and potential prejudicial effect of Johnson's robbery conviction by utilizing the five factors set forth under Pennsylvania law. *See* Pa.R.E. 609(b); *Palo*, 24 A.3d at 1056. Moreover, we note that the trial court gave an appropriate jury instruction, to caution the jury that evidence of Johnson's robbery conviction should only be used to consider the credibility and weight of Johnson's testimony, rather than to infer guilt of the underlying charges here at issue. *See Hoover*, 107 A.3d at 731. Accordingly, we hold that the trial court did not abuse its discretion by admitting evidence of Johnson's robbery conviction pursuant to Pa.R.E. 609(b). *See id.* at 729;  *Huggins*, 68 A.3d at 966.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/30/19

- 10 -