511 A.2d 180

**COMMONWEALTH of Pennsylvania**

v.

**Henry J. BAILEY, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 13, 1986.

Filed June 3, 1986.

Robert J. Donatoni, West Chester, for appellant.

Joseph W. Carroll, III, Assistant District Attorney, West Chester, for Com., appellee.

Before ROWLEY, MONTEMURO and KELLY, JJ.

KELLY, Judge:

This case involves a direct appeal from judgment of sentence imposed upon appellant's conviction of a variety of crimes in relation to an armed robbery of an AM/PM Mini Mart in Berwyn, Pennsylvania. The sole issue presented on appeal is whether the trial court abused its discretion in failing to grant the appellant's pre-trial motion in limine with respect to a prior conviction for burglary. We find no abuse of discretion, and affirm.

On June 13, 1984, after a trial by jury, the appellant, Henry Bailey, was convicted of robbery, criminal conspiracy, theft, aggravated assault, recklessly endangering another person, terroristic threats and a violation of the Uniform Firearms Act. Post-trial motions were filed, argued, and denied.

On April 9, 1985, the appellant was sentenced to a term of imprisonment of seven (7) to twenty (20) years on the robbery conviction, four (4) to ten (10) years on the conspiracy conviction, and two (2) to five (5) years on the terroristic threats conviction. All sentences were to be served consecutively to each other and to the sentence he was currently serving for violation of parole on a previous robbery conviction.

■ The appellant contends that the trial court abused its discretion by ruling that a prior burglary conviction could be used for impeachment purposes. Faced with that ruling the appellant declined to take the stand.[1]

■ The admissibility of evidence of prior convictions for the purpose of impeaching a defendant/witness is within the sound discretion of the trial judge and will not be reversed absent an abuse of discretion by the trial judge. *Commonwealth v. Roots*, 482 Pa. 33, 393 A.2d 364 (1978); *Commonwealth v. Kearse*, 326 Pa.Super. 1, 473 A.2d 577 (1984). In exercising its discretion, the trial court should consider the factors set forth by our Supreme Court in *Roots, supra* :

1) the degree to which the commission of the prior offense reflects upon the veracity of the defendant-witness;
2) The likelihood, in view of the nature and extent of the prior record, that it would have a greater tendency to

1. The Commonwealth argues that the appellant's objection is moot, because the appellant did not testify. The Commonwealth cites *Luce v. United States,* 469 U.S. 38, 105 S.Ct. 460, 83 L.Ed. 443 (1985). This argument was addressed and rejected in *Commonwealth v. Richardson,* 347 Pa.Super. 564, 500 A.2d 1200 (1985).

smear the character of the defendant and suggest a propensity to commit the crime for which he stands charged, rather than provide a legitimate reason for discrediting him as an untruthful person; 3) the age and circumstances of the defendant; 4) the strength of the prosecution's case and the prosecution's need to resort to the evidence as compared with the availability to the defense of other witnesses through which its version of the events surrounding the incident can be presented; and 5) the existence of alternative means of attacking the defendant's credibility.

482 Pa. at 39–40, 393 A.2d at 367. The burden is upon the Commonwealth to show that the need for prior conviction evidence overcomes its inherent potential for prejudice. *Id.*

On June 12, 1984, a hearing was held in accordance with the dictates of *Commonwealth v. Bighum,* 452 Pa. 554, 307 A.2d 255 (1973), in order to determine whether any of the appellant's prior convictions would be admissible for the purpose of impeachment. The appellant had prior robbery convictions in 1977 and 1983 in addition to the prior burglary conviction in 1979.

Upon review of the transcript of the hearing, we find that the court did, in fact, consider the factors specified in *Roots, supra.* It is also clear from the transcript that the court considered our ruling in *Kearse, supra.* The trial court weighed the arguments of counsel in terms of the *Roots* factors and decided that evidence of the prior burglary would be admissible for impeachment purposes but that the robbery convictions would not. We shall discuss each of the *Roots* factors, *seriatim.*

■ First, "burglary is a crime connoting 'dishonesty' by any definition." *Commonwealth v. Amos,* 445 Pa. 297, 284 A.2d 748 (1971). *See also Commonwealth v. Kahley,* 467 Pa. 272, 356 A.2d 745 (1976). Hence, evidence of a prior conviction for burglary is an appropriate basis for impeach-

ing the credibility of a defendant witness under the first factor to be considered in the *Roots* test. *Commonwealth v. Clark*, 280 Pa.Super. 1, 421 A.2d 374 (1980); *Commonwealth v. Herman*, 271 Pa.Super. 145, 412 A.2d 617 (1979).

■ Second, the trial court ruled that only evidence of a single prior conviction for non-confrontational burglary would be admissible for the purpose of impeaching the defendant/witness. Thus, the trial court effectively neutralized the tendency of the appellant's serious criminal record "to smear the character of the defendant and suggest a propensity to commit the crime for which he stands charged" by excluding evidence of the two previous robbery convictions. *See Commonwealth v. Perrin*, 484 Pa. 188, 398 A.2d 1007 (1979). We note that under similar circumstances this Court in *Richardson, supra*, upheld the decision of a trial court to allow evidence of two prior robbery convictions to be admitted for the purpose of impeaching the credibility of the defendant/witness in a robbery trial. In the instant case the learned trial judge was clearly solicitous of the appellant's rights with respect to the second of the *Roots* factors.

Third, the appellant's age and circumstances do not weigh in the appellant's favor. The appellant was born on April 27, 1954. He has since accumulated a serious criminal record as an adult. He has prior robbery convictions in 1978 and 1983, as well as the 1979 burglary conviction. At the time of the instant offenses the appellant was on parole from a terroristic threats conviction and on probation for another robbery. He had been released from custody only seventeen days earlier. The day before the instant offenses were committed, the appellant committed another robbery which resulted in an additional conviction. Sentencing Transcript at 3–4.

The appellant was twenty-five years old at the time of his burglary conviction in 1979. At the time of the *Bighum* hearing in June of 1984, the burglary conviction was five

years old. It should be noted that the use of the five year old conviction is the result of the trial judge's solicitousness of the appellant's interests and not subsequent good conduct by the appellant. Thus, it is apparent that neither the appellant's age at the time of the prior burglary conviction nor the time between that conviction and the instant offenses attenuates the relevancy of the prior burglary conviction with respect to the third prong of the *Roots* test.

Fourth, even though the appellant was the only potential defense witness, the prejudicial effect of admitting the appellant's criminal record did not completely outweigh the prosecution's need for the impeachment evidence under the *Roots* test. Contrary to the contention of the appellant, the Commonwealth's case was not overwhelming. The appellant was not caught "virtually red-handed" as in *Roots, supra.* No conclusive physical evidence linked the appellant to the crime. The only eyewitness who could identify the appellant was the victim, Timothy DiAntonio, an eighteen year old clerk who was held at gunpoint and tied-up during the course of the robbery.

The only corroborative evidence available to the Commonwealth was testimony of two bystanders that a green station wagon was at the convenience store at or about the time of the crime, and testimony of Officer Emelio that he stopped a vehicle of similar description operated by the appellant the day after the robbery. Given the number of green station wagons driven in America, this is hardly compelling evidence of guilt.

Had the appellant chosen to testify and flatly denied his guilt, the jury's inquiry would have been boiled down to a single question of credibility. While the appellant, as the only potential defense witness, had a strong interest in presenting his story to the jury, the importance of the impeachment testimony to the Commonwealth's case is likewise apparent. *See Richardson, supra; Commonwealth v. Gallagher*, 341 Pa.Super. 152, 491 A.2d 196 (1985). More-

over, the risk of unfair prejudice to the defendant was greatly minimized by excluding evidence of the prior robbery convictions. *Compare Commonwealth v. Williams,* 273 Pa.Super. 389, 417 A.2d 704 (1980) (admission of four prior robbery convictions in a robbery trial held to be an abuse of discretion).

Fifth and finally, the Commonwealth had no other means with which to impeach the appellant's credibility. The appellant made no statements or admissions that could be used for impeachment purposes. Furthermore, the appellant made no proffer as to what his defense would have been had he testified. Thus, the Commonwealth was precluded from exploring the possibility of alternative methods of impeachment.

We find no abuse of discretion. The trial court was more than adequately solicitous of the appellant's interests. In *Perrin, supra,* our Supreme Court stated:

It is apparent from this compromise ruling that the Court below weighed the prejudice inuring to the appellant from the introduction of his prior convictions and balanced that prejudice against those factors calling for admission of the appellant's prior record. The procedures followed by the Court thus conform precisely to the approach we prescribed in *Commonwealth v. Bighum, supra,* and *Commonwealth v. Roots, supra.* It is also clear that there are legitimate considerations favoring admission of the appellant's prior larceny convictions and that the Court's compromise in permitting the Commonwealth to introduce only one of those convictions is neither manifestly unreasonable nor arbitrary.

484 Pa. 195, 398 A.2d at 1011. Likewise, we find the Court in the instant case properly balanced the *Roots* factors in allowing a prior burglary conviction to be admitted while excluding two prior robbery convictions. The appellant's claim of abuse of discretion is, therefore, without merit.

Judgment of sentence is affirmed.