538 A.2d 557

**COMMONWEALTH of Pennsylvania**

v.

**Donald WILLIAMS, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 13, 1987.

Filed Feb. 29, 1988.

510

Norris E. Gelman, Philadelphia, for appellant.

Donna G. Zucker, Assistant District Attorney, Philadelphia, for Com., appellee.

Before TAMILIA, POPOVICH and CERCONE, JJ.

POPOVICH, Judge:

Appellant, Donald Williams, was tried before a jury and found guilty of robbery and possession of an instrument of crime. Post-trial motions were denied. Appellant was sentenced to eight (8) to twenty (20) years imprisonment on the robbery charge and a concurrent term of two and one-half (2½) to five (5) years on the possession of an instrument of crime charge. This appeal followed, and we affirm.

Appellant presents two issues for our review on appeal: (1) whether reversible error was committed when the trial court permitted the Commonwealth to impeach the most critical defense witness with his convictions for crimes which were not crimen falsi; and, whether trial counsel was ineffective for failing to object to the charge of the trial court which failed to define the elements of robbery to the jury.

First, appellant contends that reversible error was committed when the trial court permitted the Commonwealth to impeach the defense's chief witness, Gannon Haskins, with his convictions for resisting arrest and assault, neither of which could be considered crimen falsi. Appellant further contends and the record shows that defense counsel immediately objected to such impeachment of Mr. Haskins by the Commonwealth. An in camera proceeding was held, and the trial court overruled defense counsel's objection based on the Commonwealth's argument that there is a difference between impeaching a defendant and impeaching a witness:

> MR. CAYER: Again, I am moving for a mistrial. I think he can clearly ask a witness where he is entitled to impeach, he can ask him about crimes that he had been convicted of, crimen falsi. But assault is certainly not crimen falsi. The reason he is doing it and the reason he

is pursuing it as he has the whole line of questioning, is to discredit the character of the witness by improper impeachment. There is no way this jury can hear this fairly now because of the obvious prejudice which he has engendered by his questions.

MR. SILVERSTEIN: Your Honor, this is not the defendant that is being cross-examined. And I am entitled to impeach him by any convictions.

MR. CAYER: I disagree. I think the law is very clear on it, that it is also crimen falsi as to any witness.

MR. SILVERSTEIN: Only as to defendants.

THE COURT: With defendants, if it is crimen falsi. And character witnesses, you can only ask them about those convictions that he knows about. But a witness can be impeached and I am so ruling.

MR. SILVERSTEIN: That is the point, this is a witness.

MR. CAYER: By convictions of crimen falsi.

MR. SILVERSTEIN: By anything.

THE COURT: I am ruling that way. It is on the record. Your rights are protected.

(N.T. May 5, 1986, pp. 111–12).

In *Commonwealth v. Penn,* 497 Pa. 232, 244, 439 A.2d 1154, 1160 (1982) *cert. denied,* 456 U.S. 980, 102 S.Ct. 2251, 72 L.Ed.2d 857 (1982), the Pennsylvania Supreme Court held:

It is well settled that a witness may be impeached on the basis of a prior conviction only if the crime involves dishonesty or false statement. *Commonwealth v. Burton,* 491 Pa. 13, 417 A.2d 611 (1980) (citing cases).

In addition, the Court recently modified the rule to the following extent:

[E]vidence of prior convictions can be introduced for the purpose of impeaching the credibility of a witness if the conviction was for an offense involving dishonesty or false statement, and the date of conviction or the last day of confinement is within ten years of the trial date. If a period greater than ten years has expired the presiding

judge must determine whether the value of the evidence substantially outweighs its prejudicial effect.

*Commonwealth v. Randall,* 515 Pa. 410, 415, 528 A.2d 1326, 1329 (1987).

■ Thus, in the instant case, we find that the trial court erred in permitting the Commonwealth to impeach the defense's chief witness, Gannon Haskins, with his convictions for resisting arrest and assault since neither offense involves dishonesty or false statement. We conclude that the same rules apply for impeaching a witness as for impeaching a defendant. *Commonwealth v. Randall,* supra; *Commonwealth v. Penn,* supra.

■ However, both the Commonwealth and the trial court assert that, even if the impeachment of defense witness Gannon Haskins by the Commonwealth with convictions which were not crimen falsi was error, such error was harmless at best.

In *Commonwealth v. Story,* 476 Pa. 391, 409, 383 A.2d 155, 164 (1978), the Court ruled:

> We adopt the standard that an error cannot be held harmless unless the appellate court determines that the error could not have contributed to the verdict. Whenever there is a " 'reasonable possibility' " that an error " 'might have contributed to the conviction,' " the error is not harmless. *Commonwealth v. Davis,* 452 Pa. [171] at 178, 305 A.2d [715] at 719 [ (1973) ], quoting *Chapman v. California,* 386 U.S. [18] at 24, 87 S.Ct. [824] at 828 [ (1967) ].

Moreover, the Court in *Commonwealth v. Norris,* 498 Pa. 308, 317, 446 A.2d 246, 250 (1982) stated:

> Under the test adopted by this court in *Commonwealth v. Story,* supra, evidence improperly admitted can be treated as harmless on any one of three grounds, namely, that the evidence of guilt, without regard to the tainted evidence, is so overwhelming that conviction would have followed beyond a reasonable doubt without regard to it, that the tainted evidence was merely cumulative of other

proper persuasive evidence on the issue for which it is offered, or that it was so slight or tangential in its effect that its influence on the jury can be determined to have been *de minimis.*

The burden of establishing that the error in question was harmless rests with the Commonwealth. *Commonwealth v. Story,* supra.

In the instant case, we find that the effect of Haskins' impeachment upon the jury was, in viewing the record as a whole, *de minimis.*

At trial, the Commonwealth presented the testimony of two (2) eyewitnesses to the actual robbery and appellant's involvement therein, i.e., William Blau, the victim, and Philadelphia Police Officer John Livewell. In addition, the Commonwealth offered the testimony of witnesses Willie Daniels, Jr., and Philadelphia Police Officer Edward Kelly in order to establish that appellant had a gun in his possession at the time of the robbery.

William Blau testified that, on January 20, 1984, he was in the process of opening the door of his check cashing agency, located at 1137 Spring Garden Street, when the appellant came up from behind and pushed him. Mr. Blau further testified that, upon turning around, he was informed by the appellant that he had a gun and that this was a holdup. Upon being told by Blau that the truck which delivers money for his business had not yet arrived, appellant turned and walked away.

Officer John Livewell then testified that, as he was driving by Mr. Blau's business establishment on the way to a court appearance, he observed the robbery in progress. Officer Livewell identified the victim of the alleged robbery as William Blau and the perpetrator of said crime as the appellant. At the time in question, Officer Livewell was traveling in his own personal vehicle but was dressed in uniform. He stated that, as he drew his service revolver and started toward the appellant and Mr. Blau, appellant began to run. Officer Livewell then pursued the appellant.

Moreover, William Daniels, Jr., a former police officer who, at the time of the robbery, was working as an investigator for the Pennsylvania Department of Revenue, testified that, as he was driving through the area of the alleged crime on the date and time in question, he saw appellant throw something into a sewer inlet. Officer Edward Kelly then testified that he recovered a .32 Kimel revolver loaded with four (4) rounds of ammunition from the inlet.

On the other hand, Gannon Haskins, the defense's chief witness whom the appellant allegedly discovered five (5) months after the date of the robbery, testified that he observed the robbery and that it involved three (3) men who ran from the scene. He stated that appellant was not one of those men. Haskins further testified that the appellant merely walked around the corner and was immediately confronted by the police. Appellant then fled.

In his own defense, appellant took the stand and testified that he was in the vicinity of the alleged crime in order to look for employment. He testified that he merely turned a corner and was confronted by three (3) men who were running and then by the victim, William Blau, who was pointing at him and was screaming that he had been robbed. Appellant admitted that he then fled the scene and was later arrested.

The trier of fact did not believe the testimony of Gannon Haskins and the appellant and found the appellant guilty as charged. After a careful study of the record, we agree with the Commonwealth's contention that "[in] order to believe Haskins' testimony, the jury would have to completely reject the testimony of the victim, two police officers, and an eyewitness with no interest in the outcome of the case." (Appellee's Brief, p. 3). The same applies to the appellant's testimony. Thus, the record shows that there was abundant evidence upon which to convict the appellant.

Therefore, based on the aforesaid, we cannot say that the impeachment of Gannon Haskins with crimes not involving crimen falsi was so prejudicial that our only recourse was to grant him a new trial. We determine that

the Commonwealth has established beyond a reasonable doubt that the error in question did not contribute to the jury's verdict. *Commonwealth v. Norris,* supra; *Commonwealth v. Story,* supra.

In addition, Gannon Haskins' past criminal activity was in evidence aside his impeachment by the Commonwealth with his convictions for resisting arrest and assault. The record shows that Haskins revealed on cross-examination that he was a resident of Holmesburg. (N.T. May 5, 1986, p. 106). The record also reveals that Haskins was released on parole on January 10, 1984, twenty (20) days before the robbery. (N.T. May 5, 1986, p. 110). Moreover, appellant testified, and Haskins' confirmed that, after he went into custody for the present offense, he met Gannon Haskins in the same institution where he was being confined. (N.T. May 6, 1986, p. 148). Thus, we agree with the Commonwealth that "[t]hese independent facts rendered mention of Haskins' non-*crimen falsi* convictions redundant, superfluous and harmless." (Appellee's Brief, p. 3). *Commonwealth v. Norris,* supra; *Commonwealth v. Story,* supra.

Appellant also contends that trial counsel was ineffective for failing to object to the charge of the court which failed to define the elements of robbery to the jury. We disagree.

The standard for evaluating the effectiveness of counsel is set forth in *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604–05, 235 A.2d 349, 352–53 (1967):

> We cannot emphasize strongly enough, however, that our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interests. The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weight the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis.

However, our initial inquiry is whether the issues counsel is charged with not pursuing were of arguable

merit. If we conclude that issues were of arguable merit, then and only then do we proceed to inquire whether the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interests. *Commonwealth v. Hubbard*, 472 Pa. 259, 277–78, 372 A.2d 687, 695–96 (1977).

■ Counsel is presumed to have rendered effective assistance. The burden of proving to the contrary rests with the defendant. *Commonwealth v. Murray*, 338 Pa.Super. 580, 584, 488 A.2d 45, 46 (1985). Additionally, appellant must demonstrate that he was prejudiced by counsel's ineffectiveness. *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987).

In the instant case, the trial court charged as follows:

The defendant is presumed to be innocent of a crime for which he has been charged. An Information is only a formal accusation by the Commonwealth charging a defendant with a crime. A defendant, by pleading not guilty, denies that he has committed the crime. The fact that a defendant has been charged with a crime cannot be considered by you as any evidence of his guilt. The law doesn't require the defendant to prove his innocence, the state must prove his guilt beyond a reasonable doubt.

This burden of proving the defendant's guilt requires the Commonwealth to prove every element of the crime beyond a reasonable doubt. The Commonwealth's burden of proving the defendant's guilt never shifts and remains on the Commonwealth through the entire trial.

A reasonable doubt is such a doubt as would restrain a reasonable person from acting in a matter of importance to himself. It is not such a doubt one might summon up for the purpose of escaping the consequences of an unpleasant verdict. But as the term implies, it is a doubt which is reasonable, an honest doubt arising out of the evidence itself.

Now, each charge against this defendant must be separately considered by you and you may find the defendant not guilty on one and guilty on the other.

Therefore, if after a consideration of all the evidence, the arguments of counsel and my instructions, you have a reasonable doubt of the defendant's guilt in respect to any charge, you should find him not guilty on that charge.

But if you have no reasonable doubt of the defendant's guilt on a charge or charges, you should find him guilty of that charge or charges.

(N.T. May 6, 1986, pp. 202–204).

Now, the charges against this defendant. Possessing an instrument of crime. It is very simple, we are talking about a gun. Ask yourselves these questions: Did this defendant have a gun? Was this gun something used by the defendant for an illegitimate purpose or not a proper purpose, an improper use? And was it used for a criminal purpose? And if it was, and you answer yes to all those questions, you may find him guilty of possession of an instrument of crime. If you do not, you must find him not guilty.

The robbery. Did this defendant, in the course of attempting to commit a theft, and a theft, of course, is stealing, did he, in the course of an attempt to steal or commit a theft, place Mr. Blau in fear of serious bodily injury? Did he threaten him by putting the gun in his belly with serious bodily injury?

Now, serious bodily injury is the kind of injury where you can lose the use of an organ of your body, a part of your body, an arm forever or for a long period of time. You could be scarred forever or for a long period of time. Where there is even the risk of death, there is this risk of death. And if Mr. Blau was placed in that fear, then it would be a robbery. The fact that it failed has nothing to do with it.

(N.T. May 6, 1986, pp. 207–209).

In *Commonwealth v. Larkins*, 340 Pa.Super. 56, 66, 489 A.2d 837, 842 (1985), this Court ruled:

Appellate review of the charges of the court for prejudicial and reversible error requires that the charge be read and considered in its entirety; error will not be predicated upon isolated excerpts. It is the general effect of the charge which controls. *Commonwealth v. Fields*, supra; *Commonwealth v. Romeri*, 314 Pa.Super. 279, 460 A.2d 1139 (1983); *Commonwealth v. Tolassi*, 489 Pa. 41, 413 A.2d 1002 (1980); *Commonwealth v. Woodward*, 483 Pa. 1, 394 A.2d 508 (1978). A trial court is not required to accept a requested instruction verbatim so long as the court's charge adequately, accurately and clearly explains the principles of law to the jury. *Commonwealth v. Rhem*, 283 Pa.Super. 565, 424 A.2d 1345 (1980).

 Thus, after applying the standards set forth in *Commonwealth v. Larkins*, supra, and reading the charge as a whole, we find that the trial court properly instructed the jury on the Commonwealth's burden of proof, the reasonable doubt standard and the definition of robbery. Despite appellant's assertion to the contrary, we find that the trial court did "inform the jury that the crime of robbery was composed of several elements and that each defined element had to be proved beyond a reasonable doubt, before the jury could return a conviction on the robbery bill." (Appellant's Brief, p. 8). The trial court clearly defined the elements of both robbery and possession of an instrument of crime to the jury through its use of a series of questions which the jurors were to answer. Therefore, after a careful study of the record, we find appellant's dispute, in reality, not to be with the substance of the trial court's charges but rather with the wording of the charge, an area over which the trial court has broad discretion. *Commonwealth v. Larkins*, supra.

Thus, appellant's claim concerning the trial court's charge is meritless, and counsel will not be deemed ineffective for failing to assert a meritless claim. *Commonwealth v. Hubbard*, supra.

Judgment of sentence is affirmed.