585 A.2d 1001

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Lawrence JACKSON, Appellant.**

Supreme Court of Pennsylvania.

Argued Dec. 3, 1990.

Decided Jan. 29, 1991.

George Henry Newman, David M. McGlaughlin, Philadelphia, for appellant.

Gaele McLaughlin Barthold, Deputy Dist. Atty., Ronald Eisenberg, Chief, Appeals Div., Laurie Mogid, Philadelphia, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This appeal presents the issue of whether a prior conviction more than ten years old may be used for impeachment purposes if the witness has been recommitted for a parole violation within ten years. We hold that *Commonwealth v. Randall*, 515 Pa. 410, 528 A.2d 1326 (1987), permits a conviction for an offense involving dishonesty or false statement to be used to impeach the credibility of a witness if he has been confined for that conviction within ten years even if the incarceration is due to recommitment for a parole violation.

Appellant, Lawrence Jackson, was tried in February, 1988, for murder, manslaughter, conspiracy, and possession of an instrument of crime. During the trial, appellant's counsel moved to preclude the Commonwealth from using his 1973 conviction for robbery to impeach his credibility if he should testify. Appellant had been convicted of robbery in 1973, was sentenced to serve four to ten years, and was paroled on June 30, 1976, more than ten years prior to the trial in this case. While on parole, however, he was convicted of theft, a parole violation which resulted in revocation and recommitment, so that appellant served approximately fifteen months in 1983 and 1984 on his 1973 robbery conviction. The latter incarceration was within ten years of trial in this case.

The trial court and the Superior Court, *Commonwealth v. Jackson*, 385 Pa.Super. 401, 409–11, 561 A.2d 335, 338–39 (1989), interpreted *Commonwealth v. Randall* to permit impeachment by means of a conviction more than ten years

old if the witness has been confined for that conviction within ten years whether he was serving his original term or whether he was recommitted due to a violation of parole. *Randall* held:

Therefore, while we do not adopt the federal rule *per se* we do modify our current rule to the following extent: evidence of prior convictions can be introduced for the purpose of impeaching the credibility of a witness if the conviction was for an offense involving dishonesty or false statement, and the date of conviction or the last day of confinement is within ten years of the trial date. If a period greater than ten years has expired the presiding judge must determine whether the value of the evidence substantially outweighs its prejudicial effect.

515 Pa. at 415, 528 A.2d at 1329.

We adopted a "bright-line" rule in *Randall* partly to eliminate the five-factor test developed in *Commonwealth v. Bighum*, 452 Pa. 554, 307 A.2d 255 (1973) and *Commonwealth v. Roots*, 482 Pa. 33, 393 A.2d 364 (1978). The factors were:

In making the determination as to the admissibility of a prior conviction for impeachment purposes, the trial court should consider: 1) the degree to which the commission of the prior offense reflects upon the veracity of the defendant-witness; 2) the likelihood, in view of the nature and extent of the prior record, that it would have a greater tendency to smear the character of the defendant and suggest a propensity to commit the crime for which he stands charged, rather than provide a legitimate reason for discrediting him as an untruthful person; 3) the age and circumstances of the defendant; 4) the strength of the prosecution's case and the prosecution's need to resort to this evidence as compared with the availability to the defense of other witnesses through which its version of the events surrounding the incident can be presented; and 5) the existence of alternative means of attacking the defendant's credibility.

*Roots,* 482 Pa. at 39–40, 393 A.2d at 367 (footnote omitted). Nine years after the *Roots* decision, however, this Court concluded in *Randall* that those "criteria [have] proven less than exact, and [have] done more to engender appeals than to guide courts and litigants. Therefore, the time has come to revise *Bighum* and *Roots* in favor of more concrete guidelines for the admission of prior conviction evidence." 515 Pa. at 414, 528 A.2d at 1328. We adopted the essence of the federal evidence rule prohibiting impeachment by prior conviction only when "a period of more than ten years has elapsed since the date of the conviction or of the release from confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by the specific facts and circumstances substantially outweighs its prejudicial effect." Fed.R.Evid. 609. We noted that "the vitality of *Bighum* and *Roots* will not be totally extinguished, as the considerations therein will be relevant in determining whether convictions which fall in the exception category are admissible." *Randall,* 515 Pa. at 415, 528 A.2d at 1328–29.

The question is whether, in this case, appellant's incarceration in 1983 and 1984, a recommitment on his 1973 robbery sentence due to a parole violation involving a theft conviction, counts as confinement for purposes of the ten-year *Randall* rule. Logic dictates that it does.

We held in *Rivenbark v. Pennsylvania Board of Probation and Parole,* 509 Pa. 248, 253, 501 A.2d 1110, 1113 (1985), "Recommitment is an administrative determination that the parolee should be reentered to serve all or part of the unexpired term of his original sentence." There is no question, then, that time served after a parole violation is time served for the original conviction. Appellant served time in 1983 and 1984 on his 1973 robbery conviction, not on the later theft conviction which constituted the parole violation.

The simplest interpretation of the holding in *Randall* would include the time appellant served in 1983–84. The

"last day of confinement" for an offense involving dishonesty or false statement would include any time served on the sentence whether it was during the original commitment immediately following the sentencing or whether it was during a recommitment following a parole violation, unless a strained interpretation is placed upon the language in the *Randall* opinion. The last day appellant was confined for his 1973 robbery conviction was in 1984—less than ten years prior to the 1988 trial in this case. *Randall* would therefore permit impeachment on the basis of the 1973 conviction.

A salient feature of the *Randall* rule and the federal rule on which it is based is that a prior conviction for an offense involving dishonesty may be used to discredit a witness for ten years following the conviction *or the last day of confinement for that offense.* It would not have seemed unreasonable if the rule, alternatively, had maintained the impediment only for ten years from the date of the offense, based on reasoning that the dishonest act, the offense itself, is presumed to be relevant as to credibility for only ten years. But instead, the rule establishes an impediment which extends for ten years from the last day of confinement for the offense. The relevancy of the dishonest act is expiated only by the passage of ten uninterrupted years of *freedom;* time spent in confinement for the offense does not count in the passage of the ten-year impeachment period. The necessary implication is that time spent in confinement, without normal opportunity to commit additional criminal offenses, does not demonstrate rehabilitation. That being the case, a recent confinement for an old conviction, due to a parole violation, interrupts the ten-year period because the witness has not demonstrably mended his mendacity for the requisite ten years.*

---

* Appellant urges us to adopt a rule developed in federal caselaw, *United States v. Wallace,* 848 F.2d 1464 (9th Cir.1988) and *United States v. McClintock,* 748 F.2d 1278 (9th Cir.1984), cert. denied 474 U.S. 822, 106 S.Ct. 75, 88 L.Ed.2d 61, that the charge generating the probation violation must be similar to the charge resulting in the original conviction. We decline to do so. A majority of federal courts do not

Appellant's argument offends our sense of logic in another way. Had he served the full ten years of his sentence for the 1973 robbery conviction, his last day of confinement would have been in 1983. *Randall* would then unquestionably permit impeachment on the basis of the 1973 conviction. But because he was paroled in 1976, appellant seeks suppression of the 1973 robbery conviction despite his recommitment in 1983. It would be anomalous, however, to grant appellant a legally sheltered position due to the fact that he took advantage of society's leniency by accepting a parole in 1976 when he used the freedom obtained on parole to commit another crime. We cannot subscribe to an interpretation of *Randall* which would produce such an anomaly.

Accordingly, the trial judge correctly ruled that appellant's 1973 robbery conviction would have been admissible for impeachment purposes had appellant testified at his trial.

Affirmed.

NIX, C.J., and ZAPPALA and CAPPY, JJ., concur in the result.

---

follow the suggested rule. *See United States v. Gray,* 852 F.2d 136 (4th Cir.1988); *United States v. Brewer,* 451 F.Supp. 50 (E.D.Tenn.1978). In any event, appellant's parole violation was for a theft conviction—a crimen falsi offense, indeed, an element of the crime of robbery—so his probation violation was clearly an offense "similar" to the original conviction.

It may be that recommitment for a technical parole violation, 61 P.S. § 331.21a(b), such as consumption of alcohol, leaving the country without a parole officer's permission, changing address without notifying the parole office, failure to report as scheduled to the parole officer, failure to participate in psychiatric therapy, or failure to pay fines and costs, should not toll the ten-year period established in *Randall.* That question, however, is not implicated in this case, and we do not decide the issue.